# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 128 | **DATE** | 10/5/10 |
| **CASE TITLE** | GYPTEC IBERICA v. ALSTOM POWER INC. | | |

**DOCKET ENTRY TEXT:**

The Court converts Defendant's motion to dismiss [7] to a motion to compel arbitration and holds it in abeyance pending the submission of additional statements by the parties. Defendant has until October 20, 2010 to file a supplement to its motion. Plaintiff has until November 3, 2010 to respond.

■[ For further details see text below.]    Docketing to mail notice.

## STATEMENT

Plaintiff Gyptec Iberica brings this suit under state law theories of breach of contract and unjust enrichment. Gyptec alleges that Defendant Alstom Power offered to sell Gyptec certain equipment for $74,588 in April 2008 by sending Gyptec a document labeled as a "Proforma Invoice." Gyptec claims that it accepted that offer on April 22, 2008 by wiring the quoted amount in advance. Finally, Gyptec claims that Alstom failed to deliver the equipment within the time period promised in the Proforma Invoice.

Alstom now moves to dismiss the suit as being filed in an improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Alstom claims that Gyptec's pleadings make clear that they agreed to a contract that contained a mandatory arbitration clause. Alstom contends that dismissal under 12(b)(3) is appropriate in that situation. However, case law does not seem to support that claim. While the Seventh Circuit has dismissed arbitrable suits under 12(b)(3), it has done so only when the contract in question contained a forum selection clause that required arbitration outside of the district in which the suit was filed. *Continental Cas. Co. v. Amer. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327-28 (7th Cir. 1995) (interpreting 9 U.S.C. § 4 to prohibit district courts from compelling arbitration in other districts). That is not the case here, as the clause at issue requires arbitration in Chicago. Rather than moving to dismiss under Rule 12(b)(3), parties attempting to enforce mandatory arbitration clauses generally file a petition or motion to compel arbitration under Section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4. *See, e.g., Janiga v. Questar Capital Corp.*, --- F.3d ----, 2010 WL 3023945, *7 (7th Cir. Aug. 2, 2010) (reversing a district court's decision not to order arbitration under 9 U.S.C. § 4 after concluding that the parties had in fact entered a contract containing an arbitration clause). Thus, the Court converts Alstom's motion into a motion to compel arbitration.

The only issues relevant to the motion are whether the parties entered into a contract, and whether that contract contained a mandatory arbitration clause. Despite Gyptec's claims to the contrary, Alstom does in fact concede that those are preliminary issues to be decided in the district court rather than by an arbitrator. *See Janiga*, 2010 WL 3023945 at *4-*6. However, the parties differ on the question of whether the Court may decide those issues, or whether they must be submitted to a jury.

Gyptec relies on Section 4 of the FAA for the proposition that it is entitled to a jury trial on these issues. Section 4 does in fact state, in relevant part:

> "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof…Where such an issue is raised, the party alleged to be in default may…demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose."

9 U.S.C. § 4. However, a party cannot obtain a jury trial under the statute simply by demanding one; the party must first show that there is a triable issue concerning the existence or scope of the agreement. *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1196 (7th Cir. 1987). "If the arbitrability of the parties' dispute involves no questions or only legal questions, a jury trial would be pointless because its outcome could not affect the judge's decision on whether to order arbitration." *Id.*

While the FAA does not identify a standard for determining whether a triable issue exists, courts have logically applied a standard analogous to that applied in the context of a motion for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure. *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002) (citing cases). Thus, in order to avoid trial under Section 4 of the FAA, Alstom must show that no genuine issue of material fact exists as to the existence of a contract containing an arbitration clause between the parties. *Id.* If Alstom meets its burden, Gyptec "cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; [the company] must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.*

Given that Alstom styled its motion as a motion to dismiss, it understandably limited any reference to evidence outside of the pleadings. As a result, the record before the Court is likely incomplete for purposes of the motion as it now stands. Alstom has made a compelling argument that the Pro Forma invoice and the Terms and Conditions document containing the arbitration clause are two parts of the same contract based on a logical reading of the latter document's definitions section. However, without any evidence concerning the state of those documents when they were provided to Gyptec or whether Gyptec provided written acceptance of any portion of the documents in question, the Court cannot rule on the motion. *Cf. Janiga*, 2010 WL 3023945 at *6 (finding plaintiff's signature on a contract containing an arbitration clause to be enough evidence to resolve the question under New York or Illinois law). Thus, the Court gives the parties additional time to supplement their filings with evidence in support of their respective positions.

Wm. J. Hibbler