# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 128 | **DATE** | 10/26/2012 |
| **CASE TITLE** | Gyptec Iberica vs. Alstom Power Inc | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendant Alstom Power Inc.'s motion for summary judgment [54]. Specifically, the Court grants the motion for summary judgment on Count III, but denies the motion as to Counts I and II.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On January 1, 2010, Plaitiff Gyptec Iberica ("Gyptec") filed a three-count complaint against Defendant Alstom Power, Inc. ("Alstom") alleging breach of contract, breach of the Illinois Uniform Commercial Code, and unjust enrichment. (R. 1, Compl.) Alstom moves for summary judgment on all three counts pursuant to Federal Rule of Civil Procedure 56. The Court grants the motion for summary judgment on Count III, but denies the motion as to Counts I and II.

## I.   BACKGROUND

"For litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment." *Sojka v. Bovis Lend Lease, Inc.,* 686 F.3d 394, 398 (7th Cir. 2012). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Pursuant to the Local Rules, the Court will not consider any additional facts proposed in the nonmoving party's Local Rule 56.1(b)(3)(B) response, but must rely on the nonmovant's Local Rule 56.1(b)(3)(C) statement of additional facts. *See Ciomber v. Coop. Plus, Inc*., 527 F.3d 635, 643 (7th Cir. 2008).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Here, Gyptec did not file a Local Rule 56.1(b)(3)(C) statement of additional facts. Gyptec objects to certain facts in Alstom's Local Rule 56.1 statement of facts, but repeatedly fails to provide any reference to specific contrary evidence. (*See e.g.*, R. 60, Pl.'s 56.1 Resp. ¶¶ 13, 17, 23, 27.) The Court disregards Rule 56.1 statements and responses that do not cite to specific portions of the record, as well as those that contain factual or legal argument. *See Cracco*, 559 F.3d at 632 ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion."); *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"); *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 528 (7th Cir. 2000) (the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted").

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "[D]istrict courts presiding over summary judgment proceedings may not weigh conflicting evidence or make credibility determinations, both of which are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (internal citations omitted).

## III.   FACTS

"The dispute in this case involves Plaintiff's purchase of a rotary cutoff knife from the Defendant in May 2008." (Pl.'s 56.1 Resp. ¶ 4.)[1] In or around September 2007, Gyptec contacted Alstom for a quote for a rotary cutoff knife. (Pl.'s 56.1 Resp. ¶ 7.) On April 22, 2008, Alstom sent Gyptec an email with two documents attached: (1) a Pro Forma Invoice # 95017 ("Invoice") and (2) General Terms and Conditions of Sale ("General Terms"). (*Id.* ¶ 13); *see also* (R. 55, Def.'s Mem., Exs. 2, 7; Compl., Exs. A, B.) The Invoice describes the product, lists a unit price of $74,588 and a "lead time" of 18 weeks, and includes a term that payment would be "cash in advance via wire transfer." (Compl., Ex. A; Def.'s Mem., Ex. 2.) Gyptec received both the Invoice and the General Terms. (Pl.'s 56.1 Resp. ¶ 17.) On May 7, 2008, Gyptec wired $74,588 to Alstom, which Alstom received on May 9, 2008. (*Id.* ¶¶ 21-22.) On May 9, 2008, after receiving the wire transfer, Alstom sent Gyptec an Order Acknowledgment with a copy of the General Terms attached. (*Id.* ¶ 23.) Alstom asked Dario Sandoval Forero ("Forero"), the Gyptec employee who facilitated the negotiation process, to provide an official purchase order acknowledging acceptance. (*Id.* ¶ 24.) On May 13, 2008 Gyptec sent Alstom a purchase order, signed by Forero, which included an "Observations" section at the bottom of the page stating, "Terms and Conditions according to your offer 95017 with date 22/04/08." (*Id.* ¶ 25.) According to Gyptec, Forero was not an employee of Gyptec for the purpose of signing any purchase orders. (R. 59, Pl.'s Mem. at 3.)

---

[1] Citations for uncontested facts will be to Gyptec's response to Alstom's 56.1 statement of facts, R. 60.

Gyptec alleges that Alstom breached the contract by not delivering the cutoff knife by September 2, 2008--18 weeks from the order date. (Compl. ¶ 11.) The Invoice included a "lead time" of 18 weeks, which reflected Alstom's "estimate for shipping the product after receiving all criteria necessary to execute the order." (Pl.'s 56.1 Resp. ¶¶ 26-27.) On August 6, 2008, Alstom informed Gyptec that there were production delays and that Alstom expected to deliver the cutoff knife January 9, 2008. (Pl.'s 56.1 Resp. ¶ 30.) Gyptec demanded delivery by November 8, 2008, but Alstom reiterated it could not deliver the knife before January 2009. (*Id*. ¶¶ 31-33.) On November 21, 2008, Gyptec informed Alstom that it would no longer accept the knife and requested a full refund. (*Id*. ¶ 34.) Alstom did not issue Gyptec a refund and instead asked Gyptec to pay $55,866.68 for the material and labor Alstom already had expended on the order. (*Id*. ¶ 35.)

## IV. ANALYSIS

Alstom argues that the Court should enter summary judgment on Counts I and II based on provisions in the General Terms, specifically Article 7.5, which requires the purchaser to bring a suit within one year of the loss or damage, and Article 17.1, a choice of law provision. (Def.'s Mem. at 12-13; Compl., Ex. B.) Alstom argues that the agreement at issue includes the Invoice, the General Terms and the May 13, 2008 purchase order. (*Id*. at 7-10.) Gyptec contends that the Invoice is the complete contract and that the General Terms do not apply. (R. 59, Pl.'s Mem. at 4.) The Court cannot resolve this disagreement based upon the factual submissions before it.

The Invoice includes the following language: "We reserve the right to adjust pricing appearing in this Proposal or Quotation . . ." (Compl., Ex. A; Def.'s Mem., Ex. 2.) Article 1 of the General Terms states that "'Agreement' means this Proposal and Purchaser's acceptance of this Proposal, or any purchase order resulting from the issuance of this Proposal, and includes all documents expressly incorporated by reference and Attachments to these Standard Terms and Conditions of Sale." (Compl. Ex. B.) The provisions in the General Terms do not define or describe "this Proposal." Gyptec alleges that "this Proposal" and "the General Terms and Conditions" in this definition both refer to the General Terms document. (*Id*. at 8.) Alternatively, the use of the term "this Proposal" in both the Invoice and the General Terms may indicate that the Invoice is the "Proposal." Additionally, the Invoice, which Gyptec argues is the stand-alone contract, does not specifically incorporate the General Terms by reference. *See 188 LLC v. Trinity Industries, Inc*., 300 F.3d 730, 736-37 (7th Cir. 2002) ("Illinois requires that incorporation be clear and specific"); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 664 (7th Cir. 2002) ("The contract must show an intent to incorporate the other document and make it part of the contract itself."). Based upon the ambiguity on the face the documents, which were attached to the same email though not attached to each other, a material fact exists regarding the intent of the parties to incorporate the General Terms into the contract. *See Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 848 (7th Cir. 1998) ("In light of the dispute over exactly which documents embodied the contract, the district court was not presented with a situation where it could simply interpret the contract as a matter of law").

Because an issue of material fact exists regarding whether the General Terms are part of the contract, the Court denies the motion as to Counts I and II which rely on provisions in the General Terms.[2]

---

[2] Alstom argues that the Court should dismiss Count II because breach of contract is not a separate cause of action under either the New York or Illinois versions of the Uniform Commercial Code and is duplicative of the Count I breach of contract claim. (Def.'s Mem. at 14.) Alstom does not cite any precedent that a court should enter summary judgment on duplicative claims. (*Id*.) Alstom does not cite a single case for the proposition that a plaintiff cannot assert a "separate and distinct" claim for breach under the Uniform Commercial Code. (*Id*.) The Court will not address these undeveloped arguments lacking legal authority. *See*

Under both Illinois and New York law, a plaintiff cannot recover for unjust enrichment when there is a specific contract that governs the relationship of the parties. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 723 (7th Cir. 2011) (upholding grant of summary judgment on an unjust enrichment claim because under Illinois law a plaintiff cannot raise unjust enrichment when there is a specific contract that governs the relationship of the parties); *National Production Workers Union Ins. Trust v. Cigna Corp.*, 665 F.3d 897, 905 (7th Cir. 2011) (affirming grant of summary judgment on an unjust enrichment claim because under Illinois law "when two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract.") (quotation omitted); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 625 (7th Cir. 2012) (interpreting New York unjust enrichment law). Although a plaintiff may plead unjust enrichment in the alterative to breach of contract, once the court finds a contract exists, unjust enrichment is no longer available. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 396 (7th Cir. 2003) (granting summary judgment on an unjust enrichment claim when parties signed a contract). Indeed, Gyptec pled unjust enrichment "[i]n the alternative to Count I, if a contact is not found to exist." (Compl. ¶ 21). Because there is no issue of material fact as to whether a contract exists, only as to the scope of the contract, the Court grants the motion as to Count III.

## V.   CONCLUSION

The Court grants Alstom's motion for summary judgment as to Count III, but denies it as to Counts I and II.

---

*Wehrs v. Wells*, 688 F.3d 886, 891 n. 2 (7th Cir. 2012) ("The lone sentences in his summary of argument and conclusion sections, lacking any citation to governing law, are insufficient to raise adequately an issue"); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments").